1
2
3
4
5
6
7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDDIE ORTIZ, JR.,

12          Petitioner,                    2:  08 - cv - 2165 JAM TJB

13          vs.

14   JAMES A. YATES,

15          Respondent.                    ORDER

16   _____/

17          Petitioner, a state prisoner proceeding *pro se*, has filed a motion for a certificate of

18   appealability along with his notice of appeal.  On November 5, 2010, the United States

19   Magistrate Judge assigned to this matter filed findings and recommendations which was served

20   on Petitioner, and which advised Petitioner that in any objections he elected to file, he may

21   address whether a certificate of appealability should issue in the event he elected to file an appeal

22   from the judgment in this case.  On November 22, 2010, Petitioner filed objections to the

23   findings and recommendations.

24          On January 14, 2011, the undersigned issued an order adopting the findings and

25   recommendations in full and declined to issue a certificate of appealability.

26          A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant had

1

1     made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The

2     court must either issue a certificate of appealability indicating which issues satisfy the required

3     showing, or state the reasons why such a certificate should not issue.  See Fed. R. App. P. 22(b).

4     A certificate of appealability should be granted for any issue that petitioner can demonstrate is

5     "'debatable among jurists of reason,'" could be resolved differently by a different court, or is

6     "'adequate to deserve encouragement to proceed further.'"  Jennings v. Woodford, 290 F.3d

7     1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

8        Petitioner argues that the following issues should be granted a certificate of appealabilty:

9        1.     Whether the district court erred in failing to grant an evidentiary hearing on

10           Petitioner's claim of right to counsel of choice and conflict with counsel

11           (structural error).

12        2.     Whether the district court erred in failing to grant an evidentiary hearing on

13           Petitioner's claim of ineffective assistance of counsel as regards to counsel's

14           failure to investigate/interview alibi witnesses, the failure to present witnesses for

15           his defense, a competent pre-trial investigation.

16        3.     Whether, with regard to Petitioner's claim that trial counsel wrongly misadvised

17           Petitioner to waive jury trial rights.

18        4.     Whether the District Court erred in failing to grant an evidentiary hearing on

19           Petitioner's claim of actual innocence.

20        5.     Whether, with regard to Petitioner's claim that the court wrongly convicted

21           Petitioner on the insufficiency of the evidence regarding the great bodily injury

22           and attempted murder findings.

23     (Dkt. No. 35 at p. 2.)

24        Petitioner fails to demonstrate that any of these arguments are "'debatable among jurists

25     of reason,'" could be resolved differently by a different court, or are "'adequate to deserve

26     encouragement to proceed further.'"  Jennings, 290 F.3d at 1010.  First, a court presented with a

1    request for an evidentiary hearing must first determine whether a factual basis exists in the record

2    to support petitioner's claims, and if not, whether an evidentiary hearing "might be appropriate."

3    Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999); see also Earp v. Ornoski, 431 F.3d

4    1158, 1166 (9th Cir. 2005).  A petitioner requesting an evidentiary hearing must also demonstrate

5    that he has presented a "colorable claim for relief."  Earp, 431 F.3d at 1167 (citations omitted).

6    To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if

7    true, would entitle him to relief."  Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal

8    quotation marks and citation omitted).  In this case, an evidentiary hearing was not warranted.

9    Petitioner failed to demonstrate that he has a colorable claim for federal habeas relief.  Thus, a

10    certificate of appealability will not issue on Petitioner's arguments that an evidentiary hearing

11    should have been held.  Additionally, as to Petitioner's substantive arguments, he fails to make a

12    substantial showing of the denial of a constitutional right for the reasons discussed in the adopted

13    findings and recommendations.

14       Accordingly, IT IS HEREBY ORDERED that Petitioner's March 15, 2011 motion for a

15    certificate of appealability is DENIED.

16    DATED:   May 9, 2011

17

18                       /s/ John A. Mendez
                         UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26